**UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA**
_Pensacola_ **DIVISION**

## CIVIL RIGHTS COMPLAINT FORM
### TO BE USED BY PRISONERS IN ACTIONS UNDER 42 U.S.C. § 1983

_Prophet Paulcin_ ,

Inmate # _W111537_ .
(Enter full name of Plaintiff)

vs.

CASE NO: _3:08cv 335-LAC/EMT_
(To be assigned by Clerk)

_T.L. Gilliam, classification officer_
_J.A. Barfield, colonel_ ,
_Kim. Bayntel, captain_ ,
_T. Sims, sergeant_ ,

_____ .

(Enter name and title of each Defendant.
If additional space is required, use the
blank area below and directly to the right.)

**ANSWER ALL QUESTIONS ON THE FOLLOWING PAGES:**

OFFICE OF CLERK
U.S. DISTRICT CT.
NORTHERN DIST. FLA.
TALLAHASSEE, FLA.

2008 AUG 11  PM 4: 02

FILED

## I.    PLAINTIFF:

State your full name, inmate number (if applicable), and full mailing address in the lines below.

Name of Plaintiff:      *Prophet Paulin*

Inmate Number          *W11537*

Prison or Jail:          *Santa Rosa C.I.*

Mailing address:        *5850 E. milton Rd.*
                        *milton, Fl 32583*

## II.    DEFENDANT(S):

State the name of the Defendant in the first line, official position in the second line, place of employment in the third line, and mailing address. Do the same for **every** Defendant:

(1)    Defendant's name:     *T.L. Gilliam*
       Official position:     *classification officer*
       Employed at:          *Franklin C. I.*
       Mailing address:      *1960 Hwy 67 N*
                             *Carrabelle, Fl 32322*

(2)    Defendant's name:     *S.A. Barfield*
       Official position:     *Colonel*
       Employed at:          *Franklin C. I.*
       Mailing address:      *1760 Hwy. 67 N*
                             *Carrabelle, Fl 32322*

(3)    Defendant's name:     *K.M. Poynter*
       Official position:     *Captain*
       Employed at:          *Franklin C.I.*
       Mailing address:      *1760 Hwy. 67 N*
                             *Carrabelle, Fl 32322*

## ATTACH ADDITIONAL PAGES HERE TO NAME ADDITIONAL DEFENDANTS

2

Cont.

Defendant's name: T. Sims
official Position: sergeant
Employed at: Franklin
mailing address: Carrabelle, Fl 32322

(2A.)

III.   **EXHAUSTION OF ADMINISTRATIVE REMEDIES**

**Exhaustion of administrative remedies is required prior to pursuing a civil rights action regarding conditions or events in any prison, jail, or detention center. 42 U.S.C. § 1997e(a). Plaintiff is warned that any claims for which the administrative grievance process was not completed prior to filing this lawsuit may be subject to dismissal.**

IV.   **PREVIOUS LAWSUITS**

NOTE: FAILURE TO DISCLOSE **ALL** PRIOR CIVIL CASES MAY RESULT IN THE DISMISSAL OF THIS CASE. IF YOU ARE UNSURE OF ANY PRIOR CASES YOU HAVE FILED, THAT FACT MUST BE DISCLOSED AS WELL.

A.   Have you initiated other actions in **state court** dealing with the same or similar facts/issues involved in this action?
Yes( *X* )                         No( )

1.   Parties to previous action:
     (a)   Plaintiff(s): *trotter Paullin*

     (b)   Defendant(s): *WAlter A. mcneil*

2.   Name of judge: *Charles A francis*          Case #: *2008 CA 001757*

3.   County and judicial circuit: *Tallthassee, second in 2nd fulton county*

4.   Approximate filing date: *May 29, 2008*

5.   If not still pending, date of dismissal: *July 21, 2008*

6.   Reason for dismissal: *failed to show a due process violation.*

7.   Facts and claims of case: *Department of corrections violated Plaintiff due process rights in prison disciplinary procedings*

     **(Attach additional pages as necessary to list state court cases.)**

B.   Have you initiated other actions in **federal court** dealing with the same or similar facts/issues involved in this action?

Yes( )                         No( *✓* )

1.   Parties to previous action:
     a.   Plaintiff(s): _____

     b.   Defendant(s): _____

2.   District and judicial division: _____

3.   Name of judge: _____        Case #: _____

4.   Approximate filing date: _____

5.   If not still pending, date of dismissal: _____

6.   Reason for dismissal: _____

3

7. Facts and claims of case: ______________________

**(Attach additional pages as necessary to list other federal court cases.)**

C. Have you initiated other actions (*besides those listed above in Questions (A) and (B)*) in **either state or federal court** that relate to the fact or manner of your incarceration (including habeas corpus petitions) or the conditions of your confinement (including civil rights complaints about any aspect of prison life, whether it be general circumstances or a particular episode, and whether it involved excessive force or some other wrong)?

Yes( √ ) No( )

**If** YES, describe each action in the space provided below. If more than one action, describe all additional cases on a separate piece of paper, using the same format as below.

1. Parties to previous action:
   a. Plaintiff(s): Prophet Paulcin
   b. Defendant(s): F.D.O.C
2. District and judicial division: middle / Jacksonville
3. Name of judge: Can't read hand writing. Case #: 3:03-CV-224-J-21 TEM
4. Approximate filing date: March 18, 2003
5. If not still pending, date of dismissal: July 25, 2003
6. Reason for dismissal: Sought only compensatory and punitive damages
7. Facts and claims of case: ______________________

**(Attach additional pages as necessary to list cases.)**

D. Have you ever had any actions in **federal court** dismissed as frivolous, malicious, failing to state a claim, or prior to service? If so, identify each and every case so dismissed:

Yes( ) No( √ )

1. Parties to previous action:
   a. Plaintiff(s): ______________________
   b. Defendant(s): ______________________
2. District and judicial division: ______________________
3. Name of judge: ______________ Case Docket # ________
4. Approximate filing date: ______________ Dismissal date: ________
5. Reason for dismissal: ______________________

1.

b.) J.T. Freeman; A.B. Ross; C. Brewer, Celeste Kent, John Doe; John Doe; John Doe;

6.) 42 U.S.C § 1997e (e) bars relief for compensatory damages absent prior showing of physical injury.

2. A major disturbance took place at Hamilton C.I., I was placed in administrative confinement and charged with assaulting an unidentified inmate I brought action against Defendants for due process violation in administrative Proceedings

——— "Second Action" ———

Plaintiff; Prophet Paulcin

Defendants; Wendall Hall, Lt. Hobbs.

District and Judicial division: Pensacola/Northern

Name of Judge: Elizabeth M. Timorthy

Approximate filing date; March 22, 2007

If not still Pending, date of dismissal: October 29, 2007

Reason for Dismissal: voluntary dismissed

Facts and claims of case: Plaintiff brough action alleging a denial of access to court claim by defendants. while housed in defendants county jail Plaintiff was denied complete access to a law library or any meaningful assistance from Person trained in law. During said Period Plaintiff time for filing a federal habeas corpus had expired as a direct result of defendants actions and Policy.

(4A.)

6.  Facts and claims of case: _____

**(Attach additional pages as necessary to list cases.)**

## V.   STATEMENT OF FACTS:

State briefly the FACTS of this case.  Describe how each Defendant was involved and what each person did or did not do which gives rise to your claim.  In describing what happened, state the names of persons involved, dates, and places.  Do not make any legal arguments or cite to any cases or statutes.  You must set forth separate factual allegations in separately numbered paragraphs.  You may make copies of this page if necessary to supply all the facts.  Barring extraordinary circumstances, no more than five (5) additional pages should be attached.  **(If there are facts which are not related to this same basic incident or issue, they must be addressed in a separate civil rights complaint.)**

— Factual Allegations —

On or about February 26, 2008 at approximately 6:00 pm, Plaintiff was housed in Franklin C.I. confinement. Plaintiff said...

At said time, defendants approached Plaintiff's cell door with an video camera and ordered Plaintiff to cease his disorderly actions. Plaintiff was not guilty and respectfully sitting on his bunk. Nevertheless, Plaintiff followed defendants order. Approximately seven minutes later defendants without provocation used chemical agents several times against Plaintiff while Plaintiff was naked and on strip.

— Factual Allegations —

1.) On or about February 22, 2008 while an inmate at Franklin C.I. Plaintiff attempted suicide by cutting his wrist which resulted in serious medical attention and multiple stitches.

2.) On or about February 26, 2008, while housed in the institution medical cell on suicide watch, defendants T.L. Gilliam and J.A. penfield approached and held an close management (hereinafter C.M.) hearing for the purpose of recommending Plaintiff for C.M.

3.) Plaintiff did not participate in said hearing, as he was suffering

5

from severe depression.

4.) defendants repeatedly attempted, but to no avail, to entice plaintiff to participate in said hearing.

5.) defendants then became irate and belligent towards plaintiff and threatened to harm plaintiff if he continued to ignore them.

6.) Prior to resigning their efforts to solicit plaintiff to participate in said hearing, defendants promised to retaliate against plaintiff.

7.) On or about February 26, 2008 plaintiff was released from suicide watch back into confinement.

8.) On or about February 26, 2008 contrary to institutional rules and mental health recommendation. Plaintiff was placed on strip status and given an institution garment.

9.) At approximately 6:00 P.m. while quietly and peacefully sitting on my bunk, the defendants K. m. Paynter and T. Sims approached plaintiff's cell door with a hand held institutional camera and ordered plaintiff to cease his disorderly conduct. Plaintiff was dumbfounded as to defendants order because prior to and during said time plaintiff never exhibited any conduct that was disorderly or disturbing. Nevertheless, Plaintiff complied with said order. #

10.) Several minutes later defendants returned without warning or provocation and administered several sprays of chemical agents on plaintiff's naked body.

11.) Defendants allowed said chemicals to rest and burn plaintiff's body for approximately thirty minutes before removing plaintiff from his cell and escorting him to the showers.

12.) The defendants contrary to rule and procedurals governing the use of chemical agents intentionally failed to allow plaintiff sufficient time to shower said agents off of his body. Shortly thereafter plaintiff was seen by medical and escorted back to his cell and again deprived of clothing, bedding, or sheets.

13.) On or about February 28, 2008 Plaintiff was written a bogus disciplinary report by defendants for causing or participating in a minor disturbance.

14.) On or about March 5, 2008, the D.R. team found Plaintiff      cont

6

cont.

quilty of said DR

15.) Plaintiff filed an administrative grievance alleging defendants retaliated against him and used excessive force against him without provocation. And requested for compensatory damages.

16.) Plaintiff grievance was denied. A timely exhaustion of administrative remedies were completed. See Exhibit A

17.) Prior to and during the administering of chemical agents by defendants at no time ~~individuals~~ was Plaintiff causing any sort of disturbance that would or did justify the use of chemical agents against him.

18.) At no time did Plaintiff, disobey any command given by the defendants administering chemical agents against him

19.) Despite the foregoing, the defendants inflicted serious physical, mental, and emotional injury upon plaintiff via the use of chemical agents.

20.) The defendants action was malicious and sadistic and executed ~~bautte~~ solely for the purpose of causing unnessary and unwanton inflition of pain upon Plaintiff.

21.) The application of chemical agents against plaintiff was contrary to defendants own policy and served no penological Justification. moreover, was unprovoked.

22) The defendants actions was in retaliation for Plaintiff refusing to participate in the defendants c.m. board hearing and because defendants thought Plaintiff was attempting to elude their recommendation of c.m. for Plaintiff, by manipulating the mental health system.

23) Contrary to the Department own rules governing the application and/or usage of chemical agents. Defendants deprived plaintiff of Clothing,

(6A)

bedding and sheets, solely for the Purpose of administering chemical agents against his naked body inorder to cause maximum Pain and suffering.

24.) as a direct result of defendants unconstitutional action, Plaintiff suffered serious burning to his flesh that did cause him excruciating Pain and severe suffering for the duration of seven days.

(6B.)

## VI.    STATEMENT OF CLAIMS:

State what rights under the Constitution, laws, or treaties of the United States you claim have been violated. Be specific. Number each separate claim and relate it to the facts alleged in Section V. **If claims are not related to the same basic incident or issue, they must be addressed in a separate civil rights complaint.**

Count 1 - Violation of 42 U.S. C § 1983

25.) Plaintiff, Prophet Paulcin, realleges and reaves the allegations contained in paragraphs 1 through 24 and incorporates same by reference as if fully set forth herein.

26.) The defendants used excessive force against Plaintiff and wrote Plaintiff several bogus disciplinary reports all in retaliation for Plaintiff exercising a legitimate right to receive mental health treatment for his mental illness and violated the civil rights of the Plaintiff Pursuant to ——> see attached.

## VII.    RELIEF REQUESTED:

State briefly what relief you seek from the Court. Do not make legal arguments or cite to cases/ statutes.

Wherefore, Plaintiff Prophet Paulcin respectfully request this Honorable Court enter judgment in his favor and against the defendants for damages Defendant, T.L. Gilliam, Compensatory damages 3,500.000 ºº Punitive damages: 1,500.000 ºº  ——> see attached

**I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING STATEMENTS OF FACT, INCLUDING ALL CONTINUATION PAGES, ARE TRUE AND CORRECT.**

_____
(Date)

_Prophet Paulcin_
(Signature of Plaintiff)

**IF MAILED BY PRISONER:**

I declare (or certify, verify, or affirm) under penalty of perjury that this complaint was (check one): ☐ delivered to prison officials for mailing or ☐ deposited in the prison's internal mail system on: the _____ day of _____, 20____.

_Prophet Paulcin_
(Signature of Plaintiff)

Revised 03/07

7

title 42 united states code, section 1983

27.) As a direct and proximate result of the defendant's excessive use of force in retaliation against Plaintiff, Plaintiff has suffered and will continue to suffer pain and suffering, extreme and severe mental anguish and emotional distress

———— Count II — Violation of first Amendment to the U.S. const —

28.) Plaintiff, Prophet Paulcin, realleges and reavers the allegations contained in paragraphs 1 through 27 and incorporates same by reference as if fully set forth herein.

29.) The defendants unconstitutive retaliated against Plaintiff via the use of excessive force and bogus disciplinary reports for seeking mental treatment for his then, mental illness. In violation of the first Amend. to the U.S. const.

30.) As a direct and proximate result of the defendant's retaliating against Plaintiff for seeking mental treatment, in using excessive force and writing Plaintiff bogus disciplinary reports, Plaintiff has suffered and will continue to suffer pain and suffering, extreme and severe mental anguish and emotional distress.

———— Count III — Violation of Eight Amendment to the U.S. const —

31.) Plaintiff, Prophet Paulcin, realleges and reavers the allegations contained in paragraphs 1 through 30 and incorporates same by reference as if fully set forth herein.

32.) The defendants did intentionally inflict unnessary and unwanton pain on Plaintiff through the use of excessive force in retaliation against Plaintiff for exercising a right to receive mental health treatment. In Violation against the Eight amendment to the United States constitutions banning cruel and unusual punishment.

(7th)

33.) As a direct and proximate result of defendant's excessive use of force in retaliation, Plaintiff has suffered and will continue to suffer pain and suffering, extreme and severe mental anguish and emotional distress.

34.) At all times material hereto, defendant T.L. Gilliam, was and is a classification officer employed at Franklin C.I. and is being sued in her individual and official capacity. For ordering defendants to use excessive force against Plaintiff.

35.) At all times material hereto defendant J.A. Barfield, was and is a colonel employed at Franklin C.I. and is being sued in his individual and official capacity. For ordering defendants to use excessive force against Plaintiff.

36.) At all times material hereto, defendant K.m. Caynter, was and is a captain employed at Franklin C.I. and is being sued in his individual and official capacity. For using excessive force against Plaintiff.

37.) At all times material hereto, defendant, T. Sims, was and is a sergeant employed at Franklin C.I. and is being sued in his individual and official capacity. For using excessive force against Plaintiff.

38.) Plaintiff, Prophet Bulcio, at all times material hereto, is and was a prisoner of the state of Florida in the custody of defendants at Franklin C.I. He is currently confined in Santa Rosa Prison.

———— Relief Requested ————

2) Defendant, J.A.Batfied, compensatory damages 3,500,000.⁰⁰
               Punitive damages.1,500,000.⁰⁰

3) Defendant, K.M.Bynter, compensatory damages, 3,500,000.⁰⁰
               Punitive damages 1,500,000.⁰⁰

4) Defendant T.Sims, compensatory damages 3,500,000.⁰⁰
               Punitive damages 1,500,000.⁰⁰

5) Plaintiff seeks declaratory relief as follows:

6.) Plaintiff seeks an order of injunction baring the use of chemical agents
in Florida Department of corrections against prisoners in secure and confined
areas such as confinement and c.m. And an order baring the application
of chemical agents do to the manner and the widespread abuse of how such
agents are used. Said agents causes extreme pain and suffering that has
lasting prolong lasting effects way past its original usage and because
inmates are sprayed with an over adequate amount of said agents, said
agent causes severe burning and to the flesh and extreme agony that
violates the constitution of cruel and unusual punishment.

7.) Grant any other and further relief as this Honorable court may deem
just and necessary, Including but not limited to nominal damages.

———— Demand for Jury Trial ————

Plaintiff; Prophet Paul Lein, demands trial by Jury of all issues so
triable. Either by Jury or bench trial.

(7A)

# *EXHIBIT*

# *A*

**PART B - RESPONSE**

| PAULCIN, PROPHET | W11537 | 0804-119-366 | (119) SANTA ROSA C.I. | C3202U |
|---|---|---|---|---|
| INMATE | NUMBER | GRIEVANCE LOG NUMBER | GRIEVANCE INSTITUTION | HOUSING LOCATION |

YOUR REQUEST FOR ADMINISTRATIVE REMEDY OR APPEAL HAS BEEN RECEIVED, REVIEWED AND EVALUATED.

THIS GRIEVANCE IS BEING RETURNED WITHOUT ACTION AS THE ACT OF ASKING QUESTIONS OR SEEKING INFORMATION, GUIDANCE, OR ASSISTANCE, IS NOT CONSIDERED TO BE A GRIEVANCE AS SPECIFIED IN CHAPTER 33-103.005(2)(B)(1).

HOWEVER, IN YOUR INFORMAL GRIEVANCE 08-1665, YOU WERE NOT CLEAR AS TO WHAT YOU WERE GRIEVING. IF YOU ARE GRIEVING YOUR DISCIPLINARY REPORT YOU MUST FILE DIRECT AT THE FORMAL LEVEL TO THE INSTITUTION AND STATE THAT YOU ARE GRIEVING THE DISCIPLINARY REPORT. IF YOU ARE GRIEVING A GRIEVANCE OF REPRISAL BY STAFF YOU MUST FILE YOUR GRIEVANCE AT THE INFORMAL LEVEL STATING THAT ISSUE.

BE ADVISED THAT ALL USE OF FORCES ARE FORWARDED TO THE INSPECTOR'S OFFICE FOR FURTHER REVIEW AND PROPER HANDLING BY THE USE OF FORCE TEAM.

IN ORDER TO RECEIVE FURTHER ADMINISTRATIVE REMEDY OF YOUR COMPLAINT, YOU MUST CORRECT THE DEFECTS AND RESUBMIT YOUR GRIEVANCE WITHIN THE TIME FRAMES CALLED FOR IN CHAPTER 33-103.

T. REYES                                                    D. ELLIS

| SIGNATURE AND TYPED OR PRINTED NAME OF EMPLOYEE RESPONDING | SIGNATURE OF WARDEN, ASST. WARDEN, OR SECRETARY'S REPRESENTATIVE | DATE |
|---|---|---|
|  |  | 4-25-08 |

COPY DISTRIBUTION -INSTITUTION / FACILITY
(2 Copies) Inmate
(1 Copy) Inmate's File
(1 Copy) Retained by Official Responding

COPY DISTRIBUTION - CENTRAL OFFICE
(1 Copy) Inmate
(1 Copy) Inmate's File - Inst./Facility
(1 Copy) C.O. Inmate File
(1 Copy) Retained by Official Responding

Grievance Mailed
APR 3 0 2008
Santa Rosa C.I.

DEPARTMENT OF CORRECTIONS

### REQUEST FOR ADMINISTRATIVE REMEDY OR APPEAL

RECEIVED
APR 29 2008
ROSA C.I.
GRIEVANCE COORDINATOR

TO: ☑ Warden ☐ Assistant Warden ☐ Secretary, Florida Department of Corrections

From: Paulciu, Prophet        W11557        Franklin C.I.
Last    First    Middle Initial        Number        Institution

0804119-3606

Part A – Inmate Grievance

This is an appeal from the asst warden decision of response to my grievance. I've presented this issue to you before and you informed me to file an informal grievance which I did. I also appealed to Tallahassee, who gave me an extension of time to file this grievance and who also informed to file an informal grievance which I attached there response to my informal grievance but it was not returned to me. Nevertheless, I keep going in circles with this issue with this administration. I filed my grievance directly to you which was a formal grievance addressing this same issue. You informed me to go informal. Now that I have complied with your directions, my grievance is still being returned without action and I'm told to go formal. Which one is it? Someone made a mistake isn't on the same page. So now, what do you want me to do. What do I have to do now to get my grievance heard with this administration because I'm just going in circles. I feel this administration is purpose dodging my issue to avoid from having to hear it. But I will not be dissuaded. I will like to have my issue addressed.

Thank you

4/21/08
DATE

Prophet Paulciu  W11532
SIGNATURE OF GRIEVANT AND D.C. #

**\*BY SIGNATURE, INMATE AGREES TO THE FOLLOWING # OF 30-DAY EXTENSIONS:** _____ / _____
                                                                    #        Signature

### INSTRUCTIONS

This form is used for filing a formal grievance at the institution or facility level as well as for filing appeals to the Office of the Secretary in accordance with Rule 33-103, Florida Administrative Code. When an appeal is made to the Secretary, a copy of the initial response to the grievance must be attached (except as stated below).

When the inmate feels that he may be adversely affected by the submission of a grievance at the institutional level because of the sensitive nature of the grievance, or is entitled by Chapter 33-103 to file a direct grievance he may address his grievance directly to the Secretary's Office. The grievance may be sealed in the envelope by the inmate and processed postage free through routine institutional channels. The inmate must indicate a valid reason for not initially bringing his grievance to the attention of the institution. If the inmate does not provide a valid reason or if the Secretary or his designated representative feels that the reason supplied is not adequate, the grievance will be returned to the inmate for processing at the institutional level.

Receipt for Appeals Being Forwarded to Central Office

Submitted by the inmate on: _____    Institutional Mailing Log #:_____    _____
                              (Date)                                                          (Received By)

DISTRIBUTION:    INSTITUTION/FACILITY        CENTRAL OFFICE
                 INMATE (2 Copies)           INMATE
                 INMATE'S FILE               INMATE'S FILE - INSTITUTION/FACILITY
                 INSTITUTIONAL GRIEVANCE FILE    CENTRAL OFFICE INMATE FILE
                                             CENTRAL OFFICE GRIEVANCE FILE

**STATE OF FLORIDA**
**DEPARTMENT OF CORRECTIONS**
**INTEROFFICE MEMORANDUM**

*C3702*

**DATE:**      4/9/2008

**TO:**         PAULCIN, PROPHET
               DC# W11537
               FRANKLIN CI

**FROM:**     R. Padgham, Bureau of Inmate Grievance Appeals

**RE:**         CORRESPONDENCE

1) _____ Your administrative appeal was received, reviewed, and will be mailed back to you on  . You should have or will soon receive a copy.

2) _____ Your administrative appeal was received in our office and is still under investigation. As soon as our investigation is complete, you will receive an answer.

3) _____ Your administrative appeal has not been received in this office.

4) _____ Departmental Rule 33-103.007, Appeal to the Secretary, states, "attachments are considered a part of the grievance and will not be returned to the Inmate, except in those cases where the Inmate submits sufficient copies of the attachments at the time the grievance appeal is filed". In reviewing your file, I find that you did not provide sufficient copies of the documents required.

5) _____ There is no provision in the Inmate Grievance Procedure for you to appeal a decision already rendered by this office.

6) __X__ The grievance procedure requires that you: 1) use proper forms when initiating a grievance, and 2) that you initiate your grievance at the appropriate level of the procedure as outlined in Chapter 33-103, subsections .005 informal grievance; .006 formal grievance -- institution or facility; and .007 appeals to the Office of the Secretary. Your communication to this office is returned to you for reason 1 or 2 or both as applicable. You may re-initiate your complaint following proper procedures.

7) _____ 1.) The grievance procedure, or the grievance office, is not to be used for correspondence purposes. 2.) The act of asking questions or seeking information, guidance, or assistance is not considered to be a grievance.3.) You cannot use the grievance procedure to complain about issues not under the control of the Department. Refer to Chapter 33-103.001.

8.) _____ When resubmitting an appeal that has been returned in non-compliance, you must re-write that appeal on a new/un-used DC1-303 form, attach all pertinent forms and continuation sheets (including the original appeal that was returned in non-compliance), and file within the appropriate time frame.

**NOTE:**

*R. Padgh___*

**Management Analyst I**

**STATE OF FLORIDA**
**DEPARTMENT OF CORRECTIONS**

**INMATE REQUEST**

Mail Number: _____
Team Number: _____
Institution: _Franklin C.I._

DB-1665

**(Instructions on Back)**

APR 07 2008

| TO: (Check One) | ☒ Warden | ☐ Classification | ☐ Medical | ☐ Dental |
|---|---|---|---|---|
| | ☐ Asst. Warden | ☐ Security | ☐ Mental Health | ☐ DEPARTMENT OF CORRECTIONS Other |

| | Inmate Name | DC Number | Quarters | Job Assignment | Date |
|---|---|---|---|---|---|
| **FROM:** | Krolphe t Paulin | WII537 | C3203 | Con3 | 3/21/08 |

**REQUEST** _Informal Grievance Address To Franklin C.I._

In RE: Reprisal:

on 2/26/08 at approximately 6:00 p.m. capt. Paynter used excessive force against me in the form of chemical agents without provocation or any penological Justification. Nor was any penological Justification noted in the disciplinary report written against me. The camera and A-Dorm camera with I will like to call as evidence will show that prior to the use of chemical agents I was never counseled by the dorm sgt. twice or by the capt/paynter twice as mandated by ch.33, F.A.C. 602-R10. and that I had ceased my disorderly conduct according to capt. Paynter as he went on record stating. The failure to follow these procedures is evidence that chemical agents was not necessary and that I was not being disorderly: I was retaliated against for seeking psychological help by con-spirators, orisa l.billiam, who A-Berfield capt./Paynter, and John Doe who is the head of the medal health department on 2/25/08 I was visited by a psychologist while in s.u. scell who informed me that he would defendants informed her that I was feigning my ob/ illness in an attempt to evade the I.C.T. team recommendation for c.m. and that pressure was being applied to her from her, and others to N/ease me from s.u.s cell to that the procedure to place me in Gen. could ___

All requests will be handled in one of the following ways: 1) Written Information or   2) Personal Interview. All informal grievances will be responded to in writing.

RECEIVED

**DO NOT WRITE BELOW THIS LINE**

**RESPONSE**                    DATE RECEIVED: MAR 24 2008

ASST. SUPERINTENDENT OPERATIONS
S.A.R.C.I.

YOUR GRIEVANCE HAS BEEN RECEIVED, REVIEWED, AND EVALUATED.

ISSUES CONCERNING DISCIPLINARY ACTION SHOULD BE INITIATED AT THE FORMAL LEVEL. SUBMIT A REQUEST FOR ADMINISTRATIVE REMEDY OR APPEAL, DC1-303, TO THE WARDEN

THEREFORE, THIS GRIEVANCE IS BEING **RETURNED** TO YOU WITHOUT FURTHER PROCESSING.

[The following pertains to informal grievances only:]

Based on the above information, your grievance is _____ (Returned, Denied, or Approved). If your informal grievance is denied,

you have the right to submit a formal grievance in accordance with Chapter 33-103.006, F.A.C.]

| Official (Signature): Thomas | Date: 3-24-08 |
|---|---|

Distribution:   White      -Returned to Inmate       Pink   -Retained by official responding, or if the response is to an
                Canary    -Returned to Inmate               informal grievance then forward to be placed in inmate's file.
DC6-236 (Revised 8/07)

Incorporated by Reference in Rule 33-103.019, F.A.C.

Continue. Because as long as I was in s.o.s cell and declared mentally unsound the procedure to place me on cm. was at a halt. On 2/26/08. mrs. landers visited me in s.o.s cell and informed me the same that her boss was pressuring her to release me from s.o.s cell despite my mental illness so that the procedure to place me on cm. could continue. on 2/26/08 after my visit with mrs. landers the I.C.T held a hearing in front of the s.o.s cell without my participation and commended me recommended me for cm. soon thereafter. I was released from the s.o.s cell without mental treatment back to confinement. that same day I was sprayed with chemical agents. the evidence I have that will prove that the named defendants put a hit out on me is when the I.C.T team came to see me in s.o.s cell after I did not participate in their cm. board hearing or communicate with them. ms. Gilliam and Barfield hinted that I will be repaid for my disobedience and attempts to manipulate the system. then after I was gassed I overheard the officers out on me. meaning ordered capt. painter and the head of the mental health department John Doe put a hit any penological justification pursuant to F.A-C Ch.33-602.210. I will like to call my dorm sheet as evidence to show that since I been back here in confinement I have not been written up on my control card. I therefore I ask that A-1 dormitory comcas be reviewed and preserved for future litigation to show that sgt. sims stated in his disciplinary report at 6:00 p.m would be the relevant time for the more. I was never attempted to counsel with me prior to contacting capt. painter and using chemical agents as he that and then stripped of my clothes and or put on strip for the sole purpose of applying chemical agents contrary to F.A-C. Ch. 33-602.210

RECEIVED ___ 2006

Relief Sought

1) That I be immediately transferred 2) That the named defendants or officers be held accountable.
3.) That I be compensated one million dollars for my physical, emotional, and psychological pain & suffering. 4) That all physical evidence be preserved for future litigation 5) And that the Bogus DR written by sgt sims for participating or causing a minor disturbance be dismissed.

ASST. SUPERINTENDENT OPERATIONS

2/7/08

RECEIVED

MAR 24 2008

ASST. SUPERINTENDENT OPERATIONS
S.A.R.C.!   2 of 3

Rudolph Vaaker
W11837

Continue.Because as long as I was in s.o.s cell and declared mentally unsound. The procedure to place me on cm. was at a halt. On 2/26/08 mrs.landers visited me in s.o.s cell and informed me the same that her boss was pressuring her to release me from s.o.s cell despite my mental illness so that the procedure to place me on cm. could continue. On 2/26/08 after my visit with mrs. landers the I.C.T held a hearing in front of the S.o.s cell without my participation and recommended me for cm. a soon thereafter. I was released from the s.o.s cell without mental treatment to confinement. That same day I was sprayed with chemical agents. The evidence I have that will prove that the named defendants put a hit out on me is when the I.C.T team came to see me in s.o.s cell after I did not participate in their cm. board hearing or communicate with them. Ms. Gilliam and Mr. Barfield hinted that I will be repaid for my disobedience and attempts to manipulate the system. Then after I was gassed I overheard the officers talking about Mr. Barfield, Ms. Gilliam and the head of mental health department, John Doe, put a hit out on me. Meaning ordered capt. Poynter to use chemical agents against me without provocation many penological justification pursuant to F.A.C ch.33-602 210. I will like to call my 229 sheet as evidence to show that since I been back here in confinement I have not been written up on my contact card. Moreover, I ask that A-1 dormitory cameras be reviewed and preserved for future litigation to show that sgt. Sims never attempted to counsel me prior to contacting capt. Poynter and using chemical agents as he stated in his disciplinary report. At 6:00 p.m would be the relevant time. Furthermore, I was stripped of my clothes and or put on strip for the sole purpose of applying chemical agents contrary to F.A.C.ch 33-602, 210

Relief Sought

1.) That I be immediately transferred 2) That the named defendants or officers be held accountable. 3.) That I be compensated one million dollars for my physical, emotional, and phychological pain and suffering. 4.) That all physical evidence be preserved for future litigation. 5.) And that the bogus D.R written by off. Sims for participating or causing a minor disturbance be dismissed

3/7/08

RECEIVED
MAR 2 4 2008
ASST. SUPERINTENDENT OPERATIONS
S.A.R.C.I.

ASST. SUPERINTENDENT OPERATIONS
S.A.R.C.I.
W1153

2 of 3

**PART B - RESPONSE**

| PAULCIN, PROPHET | W11537 | 0804-119-366 | (119) SANTA ROSA C.I. | C3202U |
|---|---|---|---|---|
| INMATE | NUMBER | GRIEVANCE LOG NUMBER | GRIEVANCE INSTITUTION | HOUSING LOCATION |

YOUR REQUEST FOR ADMINISTRATIVE REMEDY OR APPEAL HAS BEEN RECEIVED, REVIEWED AND EVALUATED.

THIS GRIEVANCE IS BEING RETURNED WITHOUT ACTION AS THE ACT OF ASKING QUESTIONS OR SEEKING INFORMATION, GUIDANCE, OR ASSISTANCE, IS NOT CONSIDERED TO BE A GRIEVANCE AS SPECIFIED IN CHAPTER 33-103.005(2)(B)(1).

HOWEVER, IN YOUR INFORMAL GRIEVANCE 08-1665, YOU WERE NOT CLEAR AS TO WHAT YOU WERE GRIEVING.  IF YOU ARE GRIEVING YOUR DISCIPLINARY REPORT YOU MUST FILE DIRECT AT THE FORMAL LEVEL TO THE INSTITUTION AND STATE THAT YOU ARE GRIEVING THE DISCIPLINARY REPORT. IF YOU ARE GRIEVING A GRIEVANCE OF REPRISAL BY STAFF YOU MUST FILE YOUR GRIEVANCE AT THE INFORMAL LEVEL STATING THAT ISSUE.

BE ADVISED THAT ALL USE OF FORCES ARE FORWARDED TO THE INSPECTOR'S OFFICE FOR FURTHER REVIEW AND PROPER HANDLING BY THE USE OF FORCE TEAM.

IN ORDER TO RECEIVE FURTHER ADMINISTRATIVE REMEDY OF YOUR COMPLAINT, YOU MUST CORRECT THE DEFECTS AND RESUBMIT YOUR GRIEVANCE WITHIN THE TIME FRAMES CALLED FOR IN CHAPTER 33-103.

T. REYES                                          D. ELLIS

| SIGNATURE AND TYPED OR PRINTED NAME OF EMPLOYEE RESPONDING | SIGNATURE OF WARDEN, ASST. WARDEN, OR SECRETARY'S REPRESENTATIVE | 4-25-08 DATE |
|---|---|---|

COPY DISTRIBUTION -INSTITUTION / FACILITY
(2 Copies) Inmate
(1 Copy) Inmate's File
(1 Copy) Retained by Official Responding

COPY DISTRIBUTION - CENTRAL OFFICE
(1 Copy) Inmate
(1 Copy) Inmate's File - Inst./Facility
(1 Copy) C.O. Inmate File
(1 Copy) Retained by Official Responding

Grievance Mailed
APR 3 0 2008
Santa Rosa C.I.

STATE OF FLORIDA
**DEPARTMENT OF CORRECTIONS**

**REQUEST FOR ADMINISTRATIVE REMEDY OR APPEAL**

RECEIVED
APR 29 2008
ROSA C.I.
GRIEVANCE COORDINATOR

TO: ☑ Warden     ☐ Assistant Warden     ☐ Secretary, Florida Department of Corrections

From: _Paulcin, Prophet_     _W11537_     _Franklin C.I._
     Last   First   Middle Initial      Number      Institution

0804119-3606

---

### Part A – Inmate Grievance

This is an appeal from the asst warden decision or response to my grievance. I've presented this issue to you before and you informed me to file an informal grievance which I did. I also appealed to Tallahassee who gave me an extension of time to file this grievance and who also informed to file an informal grievance which I attached there response to my informal grievance but it was not returned to me. Nevertheless, I keep going in circles with this issue with this administration. I filed my grievance directly to you which was a formal grievance addressing this same issue. You informed me to go informal. Now that I have complied with your directions, my grievance is still being returned without action and I'm told to go formal, which one is it? Someone needs to be isn't on the same page. So now, what do you want me to do. What do I have to do now to get my grievance read with with this administration because I'm just going in circles. I feel this administration is purpose dodging my issue to avoid from having to hear it. But I will not be dissuaded. I will like to have my issue addressed.

Thank you

_4/21/08_
DATE

_[signature]_ _W11537_
SIGNATURE OF GRIEVANT AND D.C. #

---

**\*BY SIGNATURE, INMATE AGREES TO THE FOLLOWING # OF 30-DAY EXTENSIONS:** ____ / _____
                                                                   #            Signature

### INSTRUCTIONS

This form is used for filing a formal grievance at the institution or facility level as well as for filing appeals to the Office of the Secretary in accordance with Rule 33-103, Florida Administrative Code. When an appeal is made to the Secretary, a copy of the initial response to the grievance must be attached (except as stated below).

When the inmate feels that he may be adversely affected by the submission of a grievance at the institutional level because of the sensitive nature of the grievance, or is entitled by Chapter 33-103 to file a direct grievance he may address his grievance directly to the Secretary's Office. The grievance may be sealed in the envelope by the inmate and processed postage free through routine institutional channels. The inmate must indicate a valid reason for not initially bringing his grievance to the attention of the institution. If the inmate does not provide a valid reason or if the Secretary or his designated representative feels that the reason supplied is not adequate, the grievance will be returned to the inmate for processing at the institutional level.

Receipt for Appeals Being Forwarded to Central Office

Submitted by the inmate on: _____     Institutional Mailing Log #: _____
                (Date)                                                                 (Received By)

| DISTRIBUTION: | INSTITUTION/FACILITY | CENTRAL OFFICE |
|---|---|---|
| | INMATE (2 Copies) | INMATE |
| | INMATE'S FILE | INMATE'S FILE - INSTITUTION/FACILITY |
| | INSTITUTIONAL GRIEVANCE FILE | CENTRAL OFFICE INMATE FILE |
| | | CENTRAL OFFICE GRIEVANCE FILE |

**STATE OF FLORIDA
DEPARTMENT OF CORRECTIONS
INTEROFFICE MEMORANDUM**

$C3200$

**DATE:**     **4/9/2008**

**TO:**     **PAULCIN, PROPHET
DC# W11537
FRANKLIN CI**

**FROM:**     **R. Padgham, Bureau of Inmate Grievance Appeals**

**RE:**     **CORRESPONDENCE**

1) _____ Your administrative appeal was received, reviewed, and will be mailed back to you on . You should have or will soon receive a copy.

2) _____ Your administrative appeal was received in our office and is still under investigation. As soon as our investigation is complete, you will receive an answer.

3) _____ Your administrative appeal has not been received in this office.

4) _____ Departmental Rule 33-103.007, Appeal to the Secretary, states, "attachments are considered a part of the grievance and will not be returned to the Inmate, except in those cases where the Inmate submits sufficient copies of the attachments at the time the grievance appeal is filed". In reviewing your file, I find that you did not provide sufficient copies of the documents required.

5) _____ There is no provision in the Inmate Grievance Procedure for you to appeal a decision already rendered by this office.

6) __X__ The grievance procedure requires that you: 1) use proper forms when initiating a grievance, and 2) that you initiate your grievance at the appropriate level of the procedure as outlined in Chapter 33-103, subsections .005 informal grievance; .006 formal grievance -- institution or facility; and .007 appeals to the Office of the Secretary. Your communication to this office is returned to you for reason 1 or 2 or both as applicable. You may re-initiate your complaint following proper procedures.

7) _____ 1.) The grievance procedure, or the grievance office, is not to be used for correspondence purposes. 2.) The act of asking questions or seeking information, guidance, or assistance is not considered to be a grievance.3.) You cannot use the grievance procedure to complain about issues not under the control of the Department. Refer to Chapter 33-103.001.

8.) _____ When resubmitting an appeal that has been returned in non-compliance, you must re-write that appeal on a new/un-used DC1-303 form, attach all pertinent forms and continuation sheets (including the original appeal that was returned in non-compliance), and file within the appropriate time frame.

**NOTE:**

_B. Padgh_

**Management Analyst I**

**STATE OF FLORIDA**
**DEPARTMENT OF CORRECTIONS**

**INMATE REQUEST**

Mail Number: _____

Team Number: _____

Institution: _FRANKLIN C.I._

**(Instructions on Back)**

08-1665

APR 07 2008

DEPARTMENT OF CORRECTIONS
INMATE GRIEVANCE

TO: (Check One)
☑ Warden
☐ Asst. Warden
☐ Classification
☐ Security
☐ Medical
☐ Mental Health
☐ Dental
☐ Other

| Inmate Name | DC Number | Quarters | Job Assignment | Date |
|---|---|---|---|---|
| FROM: Rolphe + Parlon | W11537 | C3203 | CM-3 | 3/21/08 |

**REQUEST** Informal Grievance Address To Franklin C.I.

In RE: Reprisal:

on 2/26/08 at approximately 6:00 p.m. capt. Poynter used excessive force against me in the form of chemical agents without provocation or any penological justification. Nor was any penological justification noted in the disciplinary report written against me. The camera and a-dorm camera with I will like to recall as evidence will show that prior to the use of chemical agents I was never counseled by the doctor sgt twice or by the capt. Poynter twice as mandated by ch.33, F.A.C. 602-8-10. and that I had ceased my disorderly conduct according to capt. Poynter as he went on record stating. The failure to follow these procedures is evidence that chemical agents was not necessary and that I was not being disorderly. I was retaliated against for seeking psychological help by con-epistacy, area L. Gillian, John A. Garfield, capt. Poynter, and John Doe who is the head of the mental health department. On 2/25/08 I was visited by a psychologist while in seg. 5 cell who informed me that the name of the inmates informal beliefs that I was feigning mental illness in an attempt to evade the I.C.T. team recommendation for cm and that pressure was being applied to have him honor her bad orders to release me from seg. 5 cell to that the procedure to place me in con. could ___

All requests will be handled in one of the following ways: 1) Written Information or 2) Personal Interview. All informal grievances will be responded to in writing.

**DO NOT WRITE BELOW THIS LINE**

RECEIVED

**RESPONSE**

DATE RECEIVED: MAR 24 2008

ASST. SUPERINTENDENT OPERATIONS
S.A.R.C.I.

YOUR GRIEVANCE HAS BEEN RECEIVED, REVIEWED, AND EVALUATED.

ISSUES CONCERNING DISCIPLINARY ACTION SHOULD BE INITIATED AT THE FORMAL LEVEL. SUBMIT A REQUEST FOR ADMINISTRATIVE REMEDY OR APPEAL, DC1-303, TO THE WARDEN.

THEREFORE, THIS GRIEVANCE IS BEING **RETURNED** TO YOU WITHOUT FURTHER PROCESSING.

[The following pertains to informal grievances only:

Based on the above information, your grievance is _____ (Returned, Denied, or Approved). If your informal grievance is denied,

you have the right to submit a formal grievance in accordance with Chapter 33-103.006, F.A.C.]

Official (Signature): _C. Thomas_    Date: 3-24-08

Distribution:  White — Returned to Inmate    Pink — Retained by official responding, or if the response is to an
Canary — Returned to Inmate    informal grievance then forward to be placed in inmate's file.
DC6-236 (Revised 8/07)

Incorporated by Reference in Rule 33-103.019, F.A.C.

Continue. Because as long as I was in s.o.s cell and declared mentally unsound the procedure to place me on con. was at a halt. On 2/26/07 Mrs. Landers visited me in s.o.s cell and informed me the same that her boss was presuring her to release me from s.o.s cell despite my mental illness so that the Procedure to place me on con. could continue. On 2/26/07 after my visit with Mrs. Landers the I.C.T held a hearing in front of the s.o.s cell without my participation and _____ recommended me for con. 2 seven thereafter. I was released from the s.o.s cell without mental treatment back to confinement. That same day I was sprayed with chemical agents. The evidence I have that will prove that the named defendants put a hit out on me is when the I.C.T team came to see me in s.o.s cell after I did not participate in their con. board hearing or communicate with them. Mr. Gilliam and Barfield hinted that I will be repaid for my disobedience and attempts to manipulate the system. Then after I was gased I overheard the officers out on me. meaning ordered Capt. Paynter to use chemical agents against me without provocation. or any penological justification pursuant to F.A.C Ch.33-602.210. I will like to call my 329 sheet as evidence I ask that A-1 dormitory concers be reviewed and preserved for future litigation to show that systaines Never attempted to counsel with me prior to contacting Capt. paynter and using chemical agents as he stated in his disciplinary report at 6:00 pm would be the relevant time _____ for the more. I was contrary to F.A.C Ch 33-602.210

Relief Sought

1.) That I be immediately transferred 2.) That the named defendants or officers be held accountable. 3.) That I be compensated one million dollars for my physical, emotional, and psychological pain & suffering. 4.) That all physical evidence be preserved for future litigation 5.) And that the Begus D.R written by ofs-Sims for participating or causing a ____ disturbance be dismissed.

3/7/08

Randolf Hawkins
W11837

RECEIVED
MAR 24 2008
ASST. SUPERINTENDENT OPERATIONS
S.A.R.C.
2 of 3

continue, because as long as I was in s.o.s cell and declared mentally unsound the procedure to place me on c.m. was at a halt. On 2/26/08 mrs. Landers visited me in s.o.s cell and informed me the same that her boss was pressuring her to release me from s.o.s cell despite my mental illness so that the procedure to place me on c.m. could continue. On 2/26/08 after my visit with mrs. Landers the I.C.T held a hearing in front of the s.o.s cell without my participation and recommended me for c.m.a. soon thereafter. I was released from the s.o.s cell without mental treatment to confinement. That same day I was sprayed with chemical agents. The evidence I have that will prove that the named defendants put a hit out on me is when the I.C.T team came to see me in s.o.s cell after I did not participate in their c.m. board hearing or communicate with them. Ms. Gilliam and Mr. Barfield hinted that I will be repaid for my disobedience and attempts to manipulate the system. Then after I was gased I overheard the officers talking about Mr. Barfield, ms. Gilliam, and the head of mental health department, John Doe, put a hit out on me meaning ordered capt. Poynter to use chemical agents against me without provocation or any penological justification pursuant to F.A.C. ch. 33-602. 210. I will like to call my 229 sheet as evidence to show that since I been back here in confinement I have not been written up on my contact card. moreover, I ask that A-1 dormstory cameras be reviewed and preserved for future litigation to show that sgt. Sims never attempted to counsel me prior to contacting capt. Poynter and using chemical agents as he stated in his disciplinary report. At 6:00 p.m would be the relevant time. Furthermore, I was stripped of my clothes and or put on strip for the sole purpose of applying chemical agents contrary to F.A.C. ch. 33-602. 210

## Relief Sought

1.) That I be immediately transferred 2.) That the named defendants or officers be held accountable. 3.) That I be compensated one million dollars for my physical, emotional, and psychological pain and suffering. 4.) That all physical evidence be preserved for future litigation. 5.) And that the bogus D.R written by off. Sims for participating or causing a minor disturbance be dismissed

3/7/08

RECEIVED
MAR 2 4 2008
W1153
ASST. SUPERINTENDENT OPERATIONS
S.A.R.C.I.

RECEIVED
2008
ASST. SUPERINTENDENT OPERATIONS
S.A.R.C.I.

3 of 3

RECEIVED
MAY 1 4 2008
DEPARTMENT OF CORRECTIONS
MAY 1 3 2008

**STATE OF FLORIDA**
**DEPARTMENT OF CORRECTIONS**

<u>REQUEST FOR ADMINISTRATIVE REMEDY OR APPEAL</u>

TO: ☐ Warden   ☐ Assistant Warden   ☑ Secretary, Florida Department of Corrections

From: _Paulcin, Robert_     _W11537_     _Santa Rosa_
     Last    First    Middle Initial       Number      Institution

08-6-13491

<u>Part A – Inmate Grievance</u>

This is an administrative appeal of the attached grievance.
Relief Sought: same as requested in internal grievance

_5/10/08_
DATE

_Robert Paulcin W11537_
SIGNATURE OF GRIEVANT AND D.C. #

**\*BY SIGNATURE, INMATE AGREES TO THE FOLLOWING # OF 30-DAY EXTENSIONS:** _____ / _____
                                                                 #         Signature

**INSTRUCTIONS**

This form is used for filing a formal grievance at the institution or facility level as well as for filing appeals to the Office of the Secretary in accordance with Rule 33-103, Florida Administrative Code. When an appeal is made to the Secretary, a copy of the initial response to the grievance must be attached (except as stated below).

When the inmate feels that he may be adversely affected by the submission of a grievance at the institutional level because of the sensitive nature of the grievance, or is entitled by Chapter 33-103 to file a direct grievance he may address his grievance directly to the Secretary's Office. The grievance may be sealed in the envelope by the inmate and processed postage free through routine institutional channels. The inmate must indicate a valid reason for not initially bringing his grievance to the attention of the institution. If the inmate does not provide a valid reason or if the Secretary or his designated representative feels that the reason supplied is not adequate, the grievance will be returned to the inmate for processing at the institutional level.

<u>Receipt for Appeals Being Forwarded to Central Office</u>

Submitted by the inmate on: _05-12-08_   Institutional Mailing Log #: _MR08-1050_   _Ms Blocker_
          (Date)                                                                (Received By)

                                                                               /19

| DISTRIBUTION: | INSTITUTION/FACILITY | CENTRAL OFFICE |
|---|---|---|
| | INMATE (2 Copies) | INMATE |
| | INMATE'S FILE | INMATE'S FILE - INSTITUTION/FACILITY |
| | INSTITUTIONAL GRIEVANCE FILE | CENTRAL OFFICE INMATE FILE |
| | | CENTRAL OFFICE GRIEVANCE FILE |

06A
Law Library

DC1-303 (Revised 2/05)

MAY 1 9 2008

Department of Corrections
Bureau of Inmate Grievance Appeals

## PART B - RESPONSE

| PAULCIN, PROPHET | W11537 | 08-6-13491 | (119) SANTA ROSA C.I. | C3202U |
|---|---|---|---|---|
| INMATE | NUMBER | GRIEVANCE LOG NUMBER | GRIEVANCE INSTITUTION | HOUSING LOCATION |

Your request for administrative review has been received and evaluated.  Your grievance was received in non-compliance with FAC Chapter 33-103.014(1)(g), in that you did not attach the DC1-303 form (formal grievance) and the informal that was referenced.

Upon receipt of this response, you are allowed an additional 15 days from the date this response was mailed (date stamped in upper left corner), to re-file your appeal to this office.  Attach a copy of this response to your re-filed grievance along with the DC1-303 form.

Based on the foregoing information, your grievance is returned without action.

E. STINE

5/15/08

SIGNATURE AND TYPED OR PRINTED NAME
OF EMPLOYEE RESPONDING

SIGNATURE OF WARDEN, ASST. WARDEN, OR
SECRETARY'S REPRESENTATIVE

DATE

COPY DISTRIBUTION -INSTITUTION / FACILITY
(2 Copies) Inmate
(1 Copy) Inmate's File
(1 Copy) Retained by Official Responding

COPY DISTRIBUTION - CENTRAL OFFICE
(1 Copy) Inmate
(1 Copy) Inmate's File - Inst./Facility
(1 Copy) C.O. Inmate File
(1 Copy) Retained by Official Responding

**PART B - RESPONSE**

| PAULCIN, PROPHET | W11537 | 0805-119-066 | (119) SANTA ROSA C.I. | C3202U |
|---|---|---|---|---|
| INMATE | NUMBER | GRIEVANCE LOG NUMBER | GRIEVANCE INSTITUTION | HOUSING LOCATION |

YOUR REQUEST FOR ADMINISTRATIVE REMEDY OR APPEAL HAS BEEN RECEIVED, REVIEWED AND EVALUATED.

THE RESPONSE YOU RECEIVED AT THE INFORMAL LEVEL HAS BEEN REVIEWED AND IS FOUND TO APPROPRIATELY ADDRESS THE CONCERNS THAT YOU RAISED AT THE INFORMAL LEVEL AS WELL AS THE INSTITUTIONAL LEVEL.

YOUR GRIEVANCE IS DENIED.

TO RECEIVE FURTHER ADMINISTRATIVE REVIEW OF YOUR COMPLAINT, YOU MUST OBTAIN FORM DC1-303, REQUEST FOR ADMINISTRATIVE REMEDY OR APPEAL, COMPLETE THE FORM, PROVIDING ATTACHMENTS AS REQUIRED, AND SUBMIT THE FORM TO THE BUREAU OF INMATE GRIEVANCE APPEALS, 2601 BLAIR STONE ROAD, TALLAHASSEE, FLORIDA, 32399 WITHIN THE TIME FRAMES SPECIFIED IN CHAPTER 33-103.

G. DAVIS                                    D. ELLIS

                                                                          5-7-08

| SIGNATURE AND TYPED OR PRINTED NAME OF EMPLOYEE RESPONDING | SIGNATURE OF WARDEN, ASST. WARDEN, OR SECRETARY'S REPRESENTATIVE | DATE |
|---|---|---|

COPY DISTRIBUTION -INSTITUTION / FACILITY

(2 Copies) Inmate

(1 Copy) Inmate's File

(1 Copy) Retained by Official Responding

COPY DISTRIBUTION - CENTRAL OFFICE

(1 Copy) Inmate

(1 Copy) Inmate's File - Inst./Facility

(1 Copy) C.O. Inmate File

(1 Copy) Retained by Official Responding

Grievance Mailed

MAY 0 9 2008

Santa Rosa C. I.

**STATE OF FLORIDA**
**DEPARTMENT OF CORRECTIONS**

RECEIVED
MAY 14 2008
MAY 1 2 2008
DEPARTMENT OF CORRECTIONS
INMATE GRIEVANCES

**REQUEST FOR ADMINISTRATIVE REMEDY OR APPEAL**

TO: ☐ Warden     ☐ Assistant Warden     ☑ Secretary, Florida Department of Corrections

From: _Paulcius Prophet_          _W11587_          _Santa Rosa C.I._
      Last   First   Middle Initial        Number              Institution

| Part A – Inmate Grievance |
|---|
| 08-6-13759 |

This is an administrative appeal of the attached grievance
Relief Sought: Same as Requested in informal grievance

_5/10/08_                                    _Paulcius Prophet W11587_
      DATE                                    SIGNATURE OF GRIEVANT AND D.C. #

**\*BY SIGNATURE, INMATE AGREES TO THE FOLLOWING # OF 30-DAY EXTENSIONS:** _____ / _____
                                                                              #          Signature

**INSTRUCTIONS**

This form is used for filing a formal grievance at the institution or facility level as well as for filing appeals to the Office of the Secretary in accordance with Rule 33-103, Florida Administrative Code.  When an appeal is made to the Secretary, a copy of the initial response to the grievance must be attached (except as stated below).

When the inmate feels that he may be adversely affected by the submission of a grievance at the institutional level because of the sensitive nature of the grievance, or is entitled by Chapter 33-103 to file a direct grievance he may address his grievance directly to the Secretary's Office.  The grievance may be sealed in the envelope by the inmate and processed postage free through routine institutional channels.  The inmate must indicate a valid reason for not initially bringing his grievance to the attention of the institution.  If the inmate does not provide a valid reason or if the Secretary or his designated representative feels that the reason supplied is not adequate, the grievance will be returned to the inmate for processing at the institutional level.

Receipt for Appeals Being Forwarded to Central Office

Submitted by the inmate on: _05-12-08_   Institutional Mailing Log #: _MR08-1052_   _M² Blocker_
                              (Date)                                                  (Received By)

| DISTRIBUTION: | INSTITUTION/FACILITY | CENTRAL OFFICE | _Yes Chemical_ 119 |
|---|---|---|---|
| | INMATE (2 Copies) | INMATE | |
| | INMATE'S FILE | INMATE'S FILE - INSTITUTION/FACILITY | _104 Capt. Poynter_ |
| | INSTITUTIONAL GRIEVANCE FILE | CENTRAL OFFICE INMATE FILE | |
| | | CENTRAL OFFICE GRIEVANCE FILE | _CAS_ |

DC1-303 (Revised 2/05)

WITH AGENCY

JUN 0 2 2008

**PART B - RESPONSE**

| PAULCIN, PROPHET | W11537 | 08-6-13759 | (119) SANTA ROSA C.I. | C3205L |
|---|---|---|---|---|
| INMATE | NUMBER | GRIEVANCE LOG NUMBER | GRIEVANCE INSTITUTION | HOUSING LOCATION |

Your appeal has been reviewed and evaluated.  The subject of your grievance is currently under review by the Departmental Staff.  At the conclusion of that review appropriate and necessary action will be taken.

Any further correspondence regarding this issue should be directed to the Inspector General's Office.

The grievance procedure should not be utilized to request monetary compensation for this type of complaint.

As this process was initiated by the Department prior to the receipt of your grievance, your request for action by this office is denied.

E. STINE

---
SIGNATURE AND TYPED OR PRINTED NAME
OF EMPLOYEE RESPONDING

SIGNATURE OF WARDEN, ASST. WARDEN, OR
SECRETARY'S REPRESENTATIVE

5 29 08
DATE

COPY DISTRIBUTION -INSTITUTION / FACILITY
(2 Copies) Inmate
(1 Copy) Inmate's File
(1 Copy) Retained by Official Responding

COPY DISTRIBUTION - CENTRAL OFFICE
(1 Copy) Inmate
(1 Copy) Inmate's File - Inst./Facility
(1 Copy) C.O. Inmate File
(1 Copy) Retained by Official Responding

**STATE OF FLORIDA**
**DEPARTMENT OF CORRECTIONS**

MAY 05 2008

SANTA ROSA C.I.
GRIEVANCE COORDINATOR

**REQUEST FOR ADMINISTRATIVE REMEDY OR APPEAL**

TO: ☑ Warden        ☐ Assistant Warden        ☐ Secretary, Florida Department of Corrections

From: _Gulcin, Prophet_          _W11537_          _Franklin C.I._
    Last   First   Middle Initial       Number       Institution

Part A – Inmate Grievance    0708-119-061

This is an administrative appeal of the denial of the attached informal
grievance. I believed that an inadequate investigation was done in this case, and that crucial
evidence to support my allegations is deliberately being ignored in overlooked. I petition for
further review that will be fair, honest and thorough.
Relief Sought:
    Same as requested in informal grievance

_5/03/08_
DATE

_Prophet Gulcin_ W11537
SIGNATURE OF GRIEVANT AND D.C. #

**\*BY SIGNATURE, INMATE AGREES TO THE FOLLOWING # OF 30-DAY EXTENSIONS:** _____ / _____
                                                      #         Signature

**INSTRUCTIONS**

This form is used for filing a formal grievance at the institution or facility level as well as for filing appeals to the Office of the Secretary in accordance with Rule 33-103, Florida Administrative Code. When an appeal is made to the Secretary, a copy of the initial response to the grievance must be attached (except as stated below).

When the inmate feels that he may be adversely affected by the submission of a grievance at the institutional level because of the sensitive nature of the grievance, or is entitled by Chapter 33-103 to file a direct grievance he may address his grievance directly to the Secretary's Office. The grievance may be sealed in the envelope by the inmate and processed postage free through routine institutional channels. The inmate must indicate a valid reason for not initially bringing his grievance to the attention of the institution. If the inmate does not provide a valid reason or if the Secretary or his designated representative feels that the reason supplied is not adequate, the grievance will be returned to the inmate for processing at the institutional level.

Receipt for Appeals Being Forwarded to Central Office

Submitted by the inmate on:_____  Institutional Mailing Log #:_____ _____
              (Date)

050

(Received By)

| DISTRIBUTION: | INSTITUTION/FACILITY | CENTRAL OFFICE |
|---|---|---|
| | INMATE (2 Copies) | INMATE |
| | INMATE'S FILE | INMATE'S FILE - INSTITUTION/FACILITY |
| | INSTITUTIONAL GRIEVANCE FILE | CENTRAL OFFICE INMATE FILE |
| | | CENTRAL OFFICE GRIEVANCE FILE |

DC1-303 (Revised 2/05)

**PART B - RESPONSE**

| PAULCIN, PROPHET | W11537 | 0805-119-067 | (119) SANTA ROSA C.I. | C3202U |
|---|---|---|---|---|
| INMATE | NUMBER | GRIEVANCE LOG NUMBER | GRIEVANCE INSTITUTION | HOUSING LOCATION |

YOUR REQUEST FOR ADMINISTRATIVE REMEDY OR APPEAL HAS BEEN RECEIVED, REVIEWED AND EVALUATED.

THE RESPONSE YOU RECEIVED AT THE INFORMAL LEVEL HAS BEEN REVIEWED AND IS FOUND TO APPROPRIATELY ADDRESS THE CONCERNS THAT YOU RAISED AT THE INFORMAL LEVEL AS WELL AS THE INSTITUTIONAL LEVEL.

YOUR GRIEVANCE IS DENIED.

TO RECEIVE FURTHER ADMINISTRATIVE REVIEW OF YOUR COMPLAINT, YOU MUST OBTAIN FORM DC1-303, REQUEST FOR ADMINISTRATIVE REMEDY OR APPEAL, COMPLETE THE FORM, PROVIDING ATTACHMENTS AS REQUIRED, AND SUBMIT THE FORM TO THE BUREAU OF INMATE GRIEVANCE APPEALS, 2601 BLAIR STONE ROAD, TALLAHASSEE, FLORIDA, 32399 WITHIN THE TIME FRAMES SPECIFIED IN CHAPTER 33-103.

G. DAVIS                                          D. ELLIS

                                                                            5·7·08
SIGNATURE AND TYPED OR PRINTED NAME          SIGNATURE OF WARDEN, ASST. WARDEN, OR      DATE
OF EMPLOYEE RESPONDING                        SECRETARY'S REPRESENTATIVE

COPY DISTRIBUTION -INSTITUTION / FACILITY          COPY DISTRIBUTION - CENTRAL OFFICE
(2 Copies) Inmate                                  (1 Copy) Inmate
(1 Copy) Inmate's File                             (1 Copy) Inmate's File - Inst./Facility
(1 Copy) Retained by Official Responding           (1 Copy) C.O. Inmate File
                                                   (1 Copy) Retained by Official Responding

Grievance Mailed

MAY 0 9 2008

Santa Rosa C. I.

# INMATE REQUEST

**DEPARTMENT OF CORRECTIONS**

**STATE OF FLORIDA**

(Instructions on Back)

Mail Number: _____
Team Number: _____
Institution: *Franklin C.I.*

08-2338

| TO: (Check One) | ☐ Warden  ☑ Asst. Warden | ☐ Classification  ☐ Security | ☐ Medical  ☐ Dental | ☐ Other |

| | Inmate Name | DC Number | Quarters | Job Assignment | Date |
|---|---|---|---|---|---|
| **FROM:** | *Prophet Paulcin* | W11537 | T-3202 | C.M.2 | 4/18/20 |

**REQUEST** *Informal Grievance Addressed to Franklin C.I.*

*Pursuant to the instructions and directions of the central office (Tallahassee) I am refiling this grievance. See attached response. This grievance was filed with you previously but you returned it without action. Now it is being refiled and the green light giving that this is the proper cause for the nature of my grievance. On 2/26/08 it approximately 6:00 pm. Cpt. Paynter used excessive force against me in the form of chemical agents without provocation or any penalogical justification. Nor was any penalogical justification noted. Cpt. Paynter approached my cell door A120 at said time time with a hand held video camera and ordered me to cease my disorderly conduct to which I complied which I was acknowledged on record via camera. I also ask that A-dorm camera be viewed to show that contrary to F.A.C. Ch. 33-602. the dorm sgt. never counselled me before calling his supervisor to gas me. The proper procedure governing chemical agents is that the dorm sgt. is to attempt to counsel the inmate twice before calling the captain once the capt. is called. He is to attempt to counsel with the inmate twice. If those attempts fail the before using chemical agents the capt. is to show the inmate the chemical agents and warn the inmate that the agents will be applied if he fails to comply with orders to cease his disorderly conduct. This procedure was not followed in my case. I was never written a Disciplinary report that will justify the use of chemical→*

All requests will be handled in one of the following ways: 1) Written Information or informal grievances will be responded to in writing.  2) Personal Interview. All

---

**DO NOT WRITE BELOW THIS LINE**

## RESPONSE

**DATE RECEIVED:** APR ... 2008
**ASST. SUPERINTENDENT OPERATIONS**
**S.A.R.C.I.**

Your grievance has been received, reviewed and evaluated.

Contact was made with Franklin CI which states all reports written were factual and true. All Use of Force reports are sent to the Inspector General's Office for review and proper handling.

~~Therefore, this informal grievance is being DENIED.~~

[The following pertains to informal grievances only:]

Based on the above information, your grievance is _____. (Returned, Denied, or Approved). If your informal grievance is denied, you have the right to submit a formal grievance in accordance with Chapter 33-103.006, F.A.C.]

| Official (Signature): *Thomas* | Date: 4/25/08 |

Distribution:  White - Returned to Inmate   Pink - Retained by official responding, or if the response is to an
Canary - Returned to Inmate   informal grievance then forward to be placed in inmate's file.

DC6-236 (Revised 8-00)

agents. chemical agents was applied on me because I dared to seek mental help for my psychological problem. Teresa L. Gilliam John A. Barfield, capt. painter, and John Doe, who is the head of the mental health department and mr. sanders the psychologist at Franklin c.I. pd conspired to deprive me of mental health treatment and all the named defendants conspired to retaliate against me for seeking mental health treatment. On or about 2/22/08 I attempted suicide by cutting my wrists on on 2/25/08 I was visited by a psychologist while in s.o.s cell who informed me that the named defendants informed her, that I was beginning mental illness in an attempt to evade the I.C.T. recommending me for c.m. and that pressure was being applied to her from her boss and the named defendants to reuse me from s.o.s. So that the procedure to place me on c.m. could continue because as long as I was in the s.o.s cell and deemed mentally unsound. the procedure to place me on c.m. was at a halt on 2/26/08. mrs. Landers visited me in s.o.s cell and informed me the same. That her boss was pressuring her to to release me from s.o.s cell despite my mental illness on 2/26/08 after my visit with mrs. landers. the I.C.T. held a hearing in front of the s.o.s cell without my participation and recommended me for c.m. and that same day I was released from the s.o.s cell without mental treatment back to confinement. The same day I was sprayed with chemical agents I believe I was retaliated against because when the ICT team came to see me in s.o.s cell ms. Gilliam and mr. Barfield hinted that actually they they were going to retaliate against me for failing to participate in their c.m. hearing. And that they believed I was just trying to manipulate the system. Also after I was gased I overheard the officers talking about me the named perpetrators put a hit out on me and ordered capt. painter to gas me without provocation. I ask that all gathered evidence be collected and preserved for future litigation. Also prior to me being gased I was stripped of my clothes and put on strip for the sole purpose of being gased.

Relief Sought

1) That an investigation be conducted 2) That I be compensated one million dollars for my pain and suffering 3.) That all evidence be preserved 4.) And that that sins against me be dismissed

Sincerely Brophet Vaulec
DC# 141137

**STATE OF FLORIDA**
**DEPARTMENT OF CORRECTIONS**

REQUEST FOR ADMINISTRATIVE REMEDY OR APPEAL

RECEIVED
APR 0 4 2008
APR 07 2008
DEPARTMENT OF CORRECTIONS
INMATE GRIEVANCES

TO: ☐ Warden    ☐ Assistant Warden    ☑ Secretary, Florida Department of Corrections

From: Paulcin, Prophet _____  W1153) _____
Last   First   Middle Initial        Number         Institution

Part A – Inmate Grievance          08-6-10005

In RE: Denial of the right to petition the Government for redress of Grievances. Grievant has timely and pursuant to F.A.C Ch33-103. filed the attach grievance in accordance with the rules and procedures of F.A.C ch-33 to the warden of the institution. However, the warden rejected grievant grievances and informed grievant to refile it through the formal level informal level. Grievant did that. Then next, the asst-warden denied grievant grievances and informed him to file it through the formal level. So the nature of the grievances required, so on one level of the administration Grievant is being told to file his grievances through the informal level then once he does so, the grievances is being returned by the informal level personnel and grievant told to file this grievances through the formal level. And vice versa repeatedly. So in the end grievant grievances is not being addressed and he being denied the right to petition for redress of grievance. And denied the right to file grievances pursuant to F.A.C ch33-103. This mess needs to be sorted out. Grievant is being directed back & forth back & forth by one administration branch. See attached grievances as evidence.

Relief sought: That this administration order one of the administrative bodies at Franklin C.I. to address grievant grievance.

Thank You

3/25/08 _____              _____ WM537
DATE                         SIGNATURE OF GRIEVANT AND D.C. #

*BY SIGNATURE, INMATE AGREES TO THE FOLLOWING # OF 30-DAY EXTENSIONS: ___ / _____
                                                                        #      Signature

**INSTRUCTIONS**

This form is used for filing a formal grievance at the institution or facility level as well as for filing appeals to the Office of the Secretary in accordance with Rule 33-103, Florida Administrative Code. When an appeal is made to the Secretary, a copy of the initial response to the grievance must be attached (except as stated below).

When the inmate feels that he may be adversely affected by the submission of a grievance at the institutional level because of the sensitive nature of the grievance, or is entitled by Chapter 33-103 to file a direct grievance he may address his grievance directly to the Secretary's Office. The grievance may be sealed in the envelope by the inmate and processed postage free through routine institutional channels. The inmate must indicate a valid reason for not initially bringing his grievance to the attention of the institution. If the inmate does not provide a valid reason or if the Secretary or his designated representative feels that the reason supplied is not adequate, the grievance will be returned to the inmate for processing at the institutional level.

Receipt for Appeals Being Forwarded to Central Office

Submitted by the inmate on: 04-04-08     Institutional Mailing Log # _____     MD Blocker
                            (Date)                                                  (Received By)
                                                                                    119
                                                                                    09E
DISTRIBUTION:   INSTITUTION/FACILITY      CENTRAL OFFICE              Grv
                INMATE (2 Copies)         INMATE
                INMATE'S FILE             INMATE'S FILE - INSTITUTION/FACILITY
                INSTITUTIONAL GRIEVANCE FILE   CENTRAL OFFICE INMATE FILE
                                          CENTRAL OFFICE GRIEVANCE FILE

DC1-303 (Revised 2/05)