UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA
_Tallahasee_ DIVISION

## CIVIL RIGHTS COMPLAINT FORM
## TO BE USED BY PRISONERS IN ACTIONS UNDER 42 U.S.C. § 1983

_Second Amended Complaint_

_Prophet Paulcin_,

Inmate # _W11537_.
(Enter full name of Plaintiff)

vs.

CASE NO: _4:08cv418spm/ak_
(To be assigned by Clerk)

_Walter A. McNeil, Sec. Fl Dept. of Corr._,
_John Doe, Warden_,
_K.M. Paynter, Captain_,
_S.A. Barfield, Colonel_,
_T. Sims, Sergeant_

(Enter name and title of each Defendant.
If additional space is required, use the
blank area below and directly to the right.)

_Corey D. Griffin, Officer_
_Jane Doe, Nurse_

### ANSWER ALL QUESTIONS ON THE FOLLOWING PAGES:

OFFICE OF CLERK
U.S. DISTRICT CT.
NORTHERN DIST. FLA.
GAINESVILLE, FLA.

09 FEB 27 AM 9: 43

KM
FILED

I. **PLAINTIFF:**

State your <u>full name</u>, inmate number (if applicable), and full mailing address in the lines below.

Name of Plaintiff: _Prophet Paulk Sr_
Inmate Number: _W11537_
Prison or Jail: _Santa Rosa C.I._
Mailing address: _5850 E. Milton Rd_
_Milton, Fl 37583_

II. **DEFENDANT(S):**

State the <u>name</u> of the Defendant in the first line, official position in the second line, place of employment in the third line, and mailing address. Do the same for <u>every</u> Defendant:

(1) Defendant's name: _Walter McNeil_
Official position: _Sec. Dept of Corr._
Employed at: _~~~~ Tallahassee_
Mailing address: _2601 Blair Stone Rd_
_Tallahassee Fl 32399_

(2) Defendant's name: _John Doe_
Official position: _Warden_
Employed at: _Franklin C.I._
Mailing address: _~~~~ 1760 HWY 67N_
_Carrabelle Fl 32322_

(3) Defendant's name: _T. L. Gillian_
Official position: _Classification officer_
Employed at: _Franklin C.I._
Mailing address: _1760 HWY 67N_
_Carrabelle, Fl 32322_

**ATTACH ADDITIONAL PAGES HERE TO NAME ADDITIONAL DEFENDANTS**

2

4.) Defendant's name: Wm. Paynter
   Official Position: Captain
   Employed at: Franklin C.I.
   Mailing address: 1760 HWY. 67 N Carrabelle, Fl 32322

5.) Defendant's name: S.A. Barfield
   Official Position: Colonel
   Employed at: Franklin C.I.
   Mailing address: 1760 HWY. 67 N Carrabelle, Fl 32322

6.) Defendant's name: T. Sims
   Official Position: Sergeant
   Employed at: Franklin C.I.
   Mailing address: 1760 HWY. 67 N Carrabelle, Fl 32322

7.) Defendant's name: Corey D. Griffin
   Official Position: Sergeant
   Employed at: Franklin C.I.
   Mailing address: 1760 HWY. 67 N. Carrabelle, Fl 32322

8.) Defendant's name: Jane Doe, white female
   Official Position: Nurse on 4 to 12 shift on 2/26/08 the only nurse documented who treated Plaintiff.
   Employed at: Franklin C.I.
   Mailing address: 1760 HWY 67 N. Carrabelle, Fl 32322

(2A)

## III.   EXHAUSTION OF ADMINISTRATIVE REMEDIES

Exhaustion of administrative remedies is required prior to pursuing a civil rights action regarding conditions or events in any prison, jail, or detention center. 42 U.S.C. § 1997e(a). Plaintiff is warned that any claims for which the administrative grievance process was not completed prior to filing this lawsuit may be subject to dismissal.

## IV.   PREVIOUS LAWSUITS

NOTE: FAILURE TO DISCLOSE **ALL** PRIOR CIVIL CASES MAY RESULT IN THE DISMISSAL OF THIS CASE. IF YOU ARE UNSURE OF ANY PRIOR CASES YOU HAVE FILED, THAT FACT MUST BE DISCLOSED AS WELL.

A.  Have you initiated other actions in **state court** dealing with the same or similar facts/issues involved in this action?
Yes( ✓ )   No( )

1. Parties to previous action:
   (a) Plaintiff(s): _Prophet Paulcin_
   (b) Defendant(s): _Walter A McNeil_
2. Name of judge: _Charles Francis_   Case #: _2008CA001757_
3. County and judicial circuit: _Tallahassee, Second in and for Leon County_
4. Approximate filing date: _May 29, 2008_
5. If not still pending, date of dismissal: _July 21, 2008_
6. Reason for dismissal: _Failed to show a due process violation_
7. Facts and claims of case: _Department violated Plaintiff due process rights in prison disciplinary proceedings_

(Attach additional pages as necessary to list state court cases.)

B.  Have you initiated other actions in **federal court** dealing with the same or similar facts/issues involved in this action?
Yes( )   No( ✓ )

1. Parties to previous action:
   a. Plaintiff(s): _____
   b. Defendant(s): _____
2. District and judicial division: _____
3. Name of judge: _____   Case #: _____
4. Approximate filing date: _____
5. If not still pending, date of dismissal: _____
6. Reason for dismissal: _____

7. Facts and claims of case: _____

_____

**(Attach additional pages as necessary to list other federal court cases.)**

C. Have you initiated other actions (*besides those listed above in Questions (A) and (B)*) in **either state or federal court** that relate to the fact or manner of your incarceration (including habeas corpus petitions) or the conditions of your confinement (including civil rights complaints about any aspect of prison life, whether it be general circumstances or a particular episode, and whether it involved excessive force or some other wrong)?

Yes(✓)   No( )

If YES, describe each action in the space provided below. If more than one action, describe all additional cases on a separate piece of paper, using the same format as below.

1. Parties to previous action:
   a. Plaintiff(s): *Triphet Bulgin*
   b. Defendant(s): *F.D.O.C*
2. District and judicial division: *Middle Jacksonville*
3. Name of judge: *Can't read handwriting*   Case #: *3:03-CV-224-J-21-Tem*
4. Approximate filing date: *March 18, 2003*
5. If not still pending, date of dismissal: *July 25, 2003*
6. Reason for dismissal: *sought only compensatory and punitive damages*
7. Facts and claims of case: *Due process violation in prison disciplinary proceedings*

**(Attach additional pages as necessary to list cases.)**

D. Have you ever had any actions in **federal court** dismissed as frivolous, malicious, failing to state a claim, or prior to service? If so, identify each and every case so dismissed:

Yes( )   No(✓)

1. Parties to previous action:
   a. Plaintiff(s): _____
   b. Defendant(s): _____
2. District and judicial division: _____
3. Name of judge: _____  Case Docket # _____
4. Approximate filing date: _____  Dismissal date: _____
5. Reason for dismissal: _____

4

2.)
b.) S.T. Freeman, A.B. Ross; C. Brewer, Celeste Heap; John Doe, John Doe, John Doe,
6) 42 U.S.C. §1997e(e) bars relief for monetary damages only
2.) causing a major disturbance

—— Second Action ——

Plaintiff: Prophet Baldwin
Defendants; Wendall Hall, Lt. Hobbs
Dist. and Judicial Division: Pensacola / northern
Name of Judge: Elizabeth M. Timothy
Date of Dismissal: October 29, 2007
Reasons for dismissal: voluntary dismissal
Facts and claims of case: was denied access to the court while in defendants custody.

(4th)

6. Facts and claims of case: _____

_____

(Attach additional pages as necessary to list cases.)

## V. STATEMENT OF FACTS:

State briefly the FACTS of this case. Describe how each Defendant was involved and what each person did or did not do which gives rise to your claim. In describing what happened, state the names of persons involved, dates, and places. Do not make any legal arguments or cite to any cases or statutes. You must set forth separate factual allegations in separately numbered paragraphs. You may make copies of this page if necessary to supply all the facts. Barring extraordinary circumstances, no more than five (5) additional pages should be attached. (If there are facts which are not related to this same basic incident or issue, they must be addressed in a separate civil rights complaint.)

1.) On or about February 22, 2008 while an inmate at Franklin C.I. Plaintiff attempted suicide by cutting his wrist which resulted in serious medical attention including multiple stitches.

2.) On or about February 26, 2008 while housed in the institution medical facility on suicide watch, Defendants Gilliam and Barfield attempted to hold a close management (hereinafter C.M.) hearing for the purpose of recommending Plaintiff for C.M.

3.) Plaintiff was unable to participate in said hearing as he was suffering from severe depression.

4.) Defendants Gilliam and Barfield repeatedly attempted to entice Plaintiff to participate in said hearing by threatening to punish Plaintiff.

5.) Defendants, prior to abandoning their attempts to get Plaintiff to participate in said hearing, threatened to have Plaintiff gassed for refusing their orders.

6.) Later that same day, Plaintiff was released back into disciplinary confinement.

7.) Without any penological justification Plaintiff was deprived of his personal property, clothing, and bedding materials after his release from confinement.

8.) Upon information and belief, defendant Barfield instructed the dorm captain to not give Plaintiff any clothing or property, but to leave him in the cell naked, contrary to the mental health staff recommendation and institutional rules.

9.) On February 26, 2008 at approximately 4:15 pm defendant Griffin approached Plaintiff's cell door and warned Plaintiff to get ready, that Plaintiff had pissed

5

off the wrong people and defendants were about to gas Plaintiff.

11.) Defendant Griffin proceeded to belittle and threatened Plaintiff.

12.) Defendant Griffin did write Plaintiff a bogus disciplinary report (herein after DR) for disrespect. Plaintiff did not disrespect defendant. Defendant's action towards Plaintiff was malicious and retaliatory.

13.) A few minutes later defendant Sims approached Plaintiff and warned Plaintiff that they were going to gas him.

14.) A few hours later defendant Paynter warned and threatened to gas Plaintiff.

15.) At approximately 6:00 P.M. without provocation or justification defendants, Sims, Paynter, and Griffin gased Plaintiff.

16.) Defendants applied a overly excessive amount of gas unto Plaintiff's body.

17.) Plaintiff immediately suffered intense physical pain, a burning sensation in the mucus membrane, involuntary closing of the eyes, gagging, paralysis of the larynx, disorientation, and anxiety and panic as a direct result of exposure from said gas.

18.) Plaintiff begged defendants to stop, told defendants he was not resisting any lawful command he was issued and asked defendants to allow him opportunity to come out and shower.

19.) Without provocation or any penological justification defendants gased Plaintiff again.

20.) After gasing Plaintiff, defendants refused to allow plaintiff opportunity to shower until approximately twenty minutes after exposure to said gas.

21.) At all material times, prior to and during the application of said gas Plaintiff was secure behind a cell door, was not an immediate threat to himself or others, was not creating a security problem and posed no genuine or realistic threat.

22.) Eventually defendants escorted Plaintiff to the shower.

23.) Defendants intentionally and maliciously, and sadistically without any penological justification failed to allow Plaintiff adequate time to properly shower said gas off of his body.

6

24.) As a direct result of defendant's actions, plaintiff suffered further physical and psychological effects from the lack of proper and adequate decontamination of said gas off of his body. Including intense helplessness, fear of dying, suicidal thoughts, exacerbation of other symptoms of mental illness and extreme emotional distress.

24.) Defendants gased plaintiff and refused to allow plaintiff adequate time to properly decontaminate; for the purpose of inflicting wanton and unnessary pain and suffering on plaintiff

25.) Subsequently, plaintiff was seen by a nurse, immediately upon encountering plaintiff, the chemical agents lingering about plaintiff was so strong the nurse personally experienced dramatic effects of choking, difficulty breathing, and other symptoms as a result of inhaling gas while treating plaintiff

26.) Defendant, nurse, inquired to plaintiff was he provided opportunity to shower?

27.) Plaintiff informed the nurse that he was giving only sixth seconds to shower and that he was in serious pain as a result of not being able to adequately shower.

28.) Plaintiff pleaded with the nurse to command defendants to allow him adequate time to shower or decontaminate as it was self evident that said plaintiff was still covered in gas

29.) It was self evident to defendant, nurse, that plaintiff was in need of serious medical attention and that the failure of plaintiff to properly cleansed himself of said gas posed severe and long lasting effects to plaintiff's health

30.) Defendant, nurse, acted with deliberate indifference towards

(6A)

the serious medical needs of Plaintiff.

31.) All defendants knew or should have known, even where chemical agents are permissibly used, when the effects are longer lasting or exacerbated by prolong exposure, inadequate decontamination, something beyound the immediate short term effects of being sprayed with the chemical agent, the use of chemical agents posed an unreasonable risk to Plaintiff's health.

32.) As a direct result, Plaintiff suffered from the exposure and of said gas for approximately two weeks, Including severe burn to the skin. Peeling off of skin. Sporadic and frequent burning to the body, And intense physical pain.

33.) After gasing plaintiff, defendant Paynter informed Plaintiff that he acted on orders of defendants Gilliam and Barfield.

34.) Defendants did in further direct retaliation write plaintiff a bogus D'R for causing a minor disturbance.

35.) Plaintiff did not cause a disturbance.

36.) The D'R written against Plaintiff was malicious and retaliatory.

37.) On or about February 28 or 29, 2008 defendant Barfield taunted and confessed to Plaintiff that the reason Barfield and Gilliam ordered Plaintiff to be gased was because Plaintiff disobeyed their verbal order by refusing to participate in their c... hearing and they felt Plaintiff's refusal was disrespectful.

~~[struck through line]~~

38.) After gasing Plaintiff, defendant Paynter and sims did malicious and sadistically deprive Plaintiff of clothing and a mattress.

(6B.)

39.) Defendants placed plaintiff on strip without any penological justification.

40.) Defendants actions was intended to inflict unnecessary and wanton pain and suffering.

41.) As a direct result, Plaintiff suffered sleep deprivation, aches and pains in his body as a result of sleeping on steel, intense physical pain and emotional and mental distress as a result of being subjected to freezing cold temperature.

42.) Prior to gasing Plaintiff, defendants did intentionally deprive Plaintiff of clothing and his property for the purpose of exposing Plaintiff's naked body to the full painful effects of said gas.

43.) After gasing Plaintiff, Defendants did intentionally deprive Plaintiff of clothing and his property for the purpose of preventing Plaintiff from washing himself off or decontaminating himself in his own cell.

44.) Each defendant is sued individually and in his or her official capacity.

45.) At all times mentioned in this complaint each defendant acted under color of state law.

46.) Defendant, McNeil has a legal responsibility owed to Plaintiff to properly train his subordinates in the use of chemical agents and to establish rules, policy, or practice in the use of chemical agents and proper decontamination procedures. And as such is being sued for failing to properly train his subordinates in the use of chemical agents and for failing to establish adequate procedures or policies in the

(6C)

proper decontamination of said agents after its usage.

47.) Defendant John Doe, warden, has a legal responsibility owed to plaintiff to properly train his subordinates in the use of chemical agents and to establish rules, policy, or practice in the proper use of said agents and decontamination procedures. And as such is being sued for failing to properly train his subordinates in the use of said agents and for failing to establish adequate procedures or policies in the proper decontamination of said agents after its usage.

48.) Defendants Barfield and Gilliam is being sued for ordering Defendants way to use excessive use of force against plaintiff in direct retaliation for plaintiff exercising a legitimate right to not participate in their c.m hearing.

49.) Defendants Poynter, Sims, and Griffin is being sued for excessive use of force against plaintiff and willful and deliberate denial of plaintiffs' serious medical need.

50.) Defendant, Jane Doe, nurse, has an ethical and legal obligation owed to plaintiff, to provide plaintiff adequate medical treatment and as such is being sued for deliberate indifference towards plaintiff's serious medical needs.

(12.)

## VI. STATEMENT OF CLAIMS:

State what rights under the Constitution, laws, or treaties of the United States you claim have been violated. Be specific. Number each separate claim and relate it to the facts alleged in Section V. **If claims are not related to the same basic incident or issue, they must be addressed in a separate civil rights complaint.**

Count I - Violation of 42 U.S.C. § 1983

51.) Plaintiff Prophet Paulcin, realleges and reavers the allegations contained in paragraphs 1 through 50 and incorporates same by reference as if fully set forth herein.

62.) Defendants use of excessive force against Plaintiff. Defendants use of excessive force against Plaintiff in direct retaliation for Plaintiff refusing to participate in C.R. hearing. Defendants writing of bogus DR's against Plaintiff in retaliation and Defendants deliberate indifference and malicious

## VII. RELIEF REQUESTED:

State briefly what relief you seek from the Court. Do not make legal arguments or cite to cases/ statutes.

62.) A declaration that the acts and omissions described herein violated Plaintiff's rights under the constitution and laws of the United States.

63.) A permanent injunction to defendants to establish adequate decontamination policies after the usage of chemical agents.

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING STATEMENTS OF FACT, INCLUDING ALL CONTINUATION PAGES, ARE TRUE AND CORRECT.

2/24/09
(Date)

Prophet Paulcin W11537
(Signature of Plaintiff)

### IF MAILED BY PRISONER:

I declare (or certify, verify, or affirm) under penalty of perjury that this complaint was (check one):
☐ delivered to prison officials for mailing or ☐ deposited in the prison's internal mail system on: the 24 day of February, 2009.

Prophet Paulcin
(Signature of Plaintiff)

Revised 03/07

7

and sadistic denial of plaintiff's serious medical treatment violates his ~~[struck]~~ civil rights under title 42, united states code, section 1983.

53.) Count II - violation of the first amendment to the united states constitution

54.) Plaintiff, Prophet Paulcin, realleges and reavers the allegations contained in paragraph 1 through 50 and incorporates same by reference as if fully set forth herein.

55.) Defendants use of excessive force against plaintiff for plaintiff ~~and~~ refusal to participate in c.m. hearing is violative of plaintiff's right under the first amendment to the united states constitution. And right to freedom of speech and expression.

56.) Count III – violation of eight amend. to the u.s. constitution

57.) Plaintiff, Prophet Paulcin, realleges and reavers the allegations contained in paragraphs 1 through 50 and incorporates same by reference as if fully set forth herein.

58.) Defendants, malicious and sadistic excessive use of force against plaintiff, without any penological justification ~~and~~ defendants malicious and sadistic deprivation of plaintiff's clothing and mattress. And defendants' ~~denial~~ deliberate indifference and malicious and sadistic denial of medical treatment towards plaintiff's serious medical needs is violative of the eight amendment to the united states constitution and violates the ban against cruel and unusual punishment.

(7A)

59.) Count IV - violation of fourteenth amendment to the United States constitution.

60.) Plaintiff, Prophet Paulcin, realleges and reavers the allegations contained in paragraphs 1 through 50 and incorporates same by reference as if fully set forth herein.

61.) Defendants malicious and sadistic excessive use of force against plaintiff without any penological justification. Defendants malicious and sadistic deprivation of Plaintiff's clothing and mattress. And defendants' deliberate indifference and malicious and sadistic denial of medical treatment towards Plaintiff's serious medical needs is violative of the eight amendment to the united states constitution and violates the ban against cruel and unusual punishment.

— Relief Sought —

64.) An order expunging the bogus DR's written against Plaintiff by defendants

65.) Compensatory damages in an amount to be determined by trial

66.) Punitive damages in an amount to be determined by trial

67.) A Jury trial on all issue so triable.

68.) Plaintiff's cost in this suit

69.) Any additional relief this court deems just, proper, and equitable.

(76)

FOR LEGAL MAIL ONLY!

Mr. Rolfe Paulin Williston
Santa Rosa Correctional Institution
5850 E. Milton Rd
Milton FL 32583

United States District Court
Northern District of Florida
Office of the Clerk
401 S.E. 1st Avenue, Suite 243
Gainesville, FL 32601-6805

MAILED FROM
A STATE CORRECTIONAL
INSTITUTION

PENSACOLA FL 325
WED 25 FEB 2009